STEVEN ZINNEL
11 Verdin Lane
Aliso Viejo, CA 92656

E. firsthalfsteve@gmail.com

Defendant In pro se

FILED

FEB 08 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>STEVEN ZINNEL,<br>Defendant. | Case No.: 2:19-mc-00241-TLN-EFB<br><br>**DEFENDANT STEVEN ZINNEL'S REPLY AND OBJECTION TO MICHAEL BRUMBAUGH'S EXTREMELY UNTIMELY RESPONSE AND OPPOSITION [ECF #15] TO STEVEN ZINNEL'S MOTION TO COMPEL THE UNITED STATES OF AMERICA AND ITS ATTORNEYS, ATTORNEY KENNETH GREGORY PETERSON, AND THE *ESTATE OF DAVID P. ZINNEL* TO PRODUCE ALL DOCUMENTS PRODUCED TO THE GOVERNMENT PURSUANT TO TWO SUBPOENAS**<br><br>Hearing<br><br>Date: February 14, 2024<br>Time: 11:00 AM<br>Judge: Edmund F. Brennan<br>Ct. Rm: 8 |

To the Court, the United States of America ("government") and its attorneys AUSA Lynn Trinka Ernce and AUSA Audrey Benison Hemesath, attorney Kenneth Gregory Peterson, the *Estate of David P. Zinnel*, the *Estate of David P. Zinnel* administrator Michael Brumbaugh, and any interested persons and organizations. Defendant Steven Zinnel ("Zinnel") hereby submits his Reply and Objection to Michael Brumbaugh's extremely untimely Opposition [ECF #15] to Steven Zinnel's Motion to Compel (hereinafter "Reply"):

## I. INTRODUCTION

On a preliminarily note, as clearly identified in the caption of Michael Brumbaugh's response and Opposition it appears that Michael Brumbaugh's attorney Kenneth Gregory Peterson, who holds himself out as a Certified Legal Specialist in Estate Planning, Trust & Probate Law [1] meant to file the Response and Opposition in a different court, to wit the *Superior Court of the State of California County of Sacramento*. (see concurrently filed Index of Exhibits in support of Reply and Objection, Exhibit #10).

Additionally, instead of timely filing a cognizant and legally sound "Response" and "Opposition," administrator Michael Brumbaugh and attorney Kenneth Gregory Peterson have resorted, albeit forty-eight days too late, to mudslinging and being a playground bully. Almost everything they write is irrelevant to the Court's ruling on Party Steven Zinnel's Motion to Compel. attorney Kenneth Gregory Peterson may think he is providing persuasive advocacy as he pours venom on Steven Zinnel, but Steven Zinnel will show herein where the venom should be directed.

Finally, any participation in this case by Administrator Michael Brumbaugh or the *Estate of David P. Zinnel* is the law and motion equivalent of a visit from goldilocks: unwelcome, disruptive, costly, and entirely gainless.

## II. ADMINISTRATOR MICHAEL BRUMBAUGH'S AND/OR THE *ESTATE OF DAVID P. ZINNEL* "RESPONSE" AND "OPPOSITION" IS EXTREMELY UNTIMELY AND MUST BE DISREGARDED BY THE COURT AND THE COURT SHOULD GRANT STEVEN ZINNEL'S MOTION TO COMPEL

Dispositively, Administrator Michael Brumbaugh's Response and Opposition if untimely by forty-eight (48) days as any opposition to Steven Zinnel's Motion to Compel had to be filed no later than December 14, 2023 pursuant to this Court's *Local Rule* 230(c).

[1] https://www.kgregpeterson.com/attorney-profile/

Steven Zinnel has concurrently filed an Objection to Michael Brumbaugh's Extremely Untimely Response and Opposition. The Court should SUSTAIN Steven Zinnel's objection and thereafter, under *Local Rule* 230(c) neither Administrator Michael Brumbaugh, the *Estate of David P. Zinnel*, nor attorney Kenneth Gregory Peterson should not *be heard in opposition to Zinnel's a motion at oral arguments an Administrator Michael Brumbaugh's failure to file a timely opposition should be construed by the Court as a non-opposition to Steven Zinnel's motion.*

## III. JUDGE NUNLEY'S DENIAL OF A MOTION MADE IN ANOTHER CASE IS IRRELEVANT TO THE COURT'S RULING ON STEVEN ZINNEL'S MOTION TO COMPEL AND MICHAEL BRUMBAUGH IS CORRECT THAT MOTION TO COMPEL DENIAL IN STEVEN ZINNEL'S CRIMINAL CASE IS STAYED PENDING HIS APPEAL TO THE NINTH CIRCUIT

Judge Nunley's denial of Steven Zinnel's Motion to Compel in the case entitled *United States v. Steven Zinnel*, U.S.D.C. ED CA case no. 2:11-cr-00234-TLN "Criminal Case" is irrelevant to the court's ruling on Steven Zinnel's pending motion to compel in this case. Further, in his minute order made on December 8, 2023, [2] ECF #726, Judge Nunley wrote in relevant part: *it appears the subpoenas are associated with the civil garnishment actions brought against the Defendant, not the instant Criminal Case*. Steven Zinnel correctly brought his Motion to Compel in the miscellaneous case the subpoenas were issued in which is this case.

The government, in its untimely response filed on December 19, 2023, certainly did not bring up Judge Nunley's December 8, 2023 minute order in the Criminal Case. Further, the government ended its untimely filed Response as follows:

> ***The United States does not oppose production of the documents that David Zinnel voluntarily provided to the United States between May and December 2020,*** *subject to any objections or claims of privilege or other protection raised by the Estate of David Zinnel in response to this motion to be decided by the Court.*
>
> (see ECF #7 at 2:1-3) (emphasis added).

[2] Not "December 28, 2023" as misrepresented by Administrator Michael Brumbaugh in his Opposition at 2:9.

Administrator Michael Brumbaugh is correct that Steven Zinnel timely appealed Judge Nunley's Minute Order made on December 8, 2023 and thus Judge Nunley's Minute Order is stayed. However, the appeal of Judge Nunley's minute order in the Criminal Case, does not stay this case in anyway. Steven Zinnel appealed because as a defendant in the Criminal Case, Steven Zinnel is entitled to copies of documents the government receives pursuant to subpoenas. Because the government refused to provide the subpoenaed documents, Zinnel filed a Motion to Compel. The district court erred in summarily denying Zinnel's Motion to Compel that Appellant's due process rights and an opportunity to be heard rights were violated by the district court.

Without appellate review by the Ninth Circuit Court of Appeals, Steven Zinnel would be denied appellate review of the error of single district court judge. As Professor Shaun Martin of the University of San Diego School of Law has clearly and correctly written: *We don't generally let a single judge decide things once and for all without any right to review whatsoever.* [3]

## IV. <u>ADMINISTRATOR MICHAEL BRUMBAUGH'S ARGUMENT THAT STEVEN ZINNEL IS ALSO SEEKING DISCOVERY IN A SACRAMENTO PROBATE COURT IS NONSENSICAL AND IRRELEVANT BUT DOES DEMONSTRATE THE DEPTH MICHAEL BRUMBAUGH AND ATTORNEY KENNETH GREGORY PETERSON WILL GO TO PREVENT STEVEN ZINNEL FROM OBTAINING DOCUMENTS THAT HE LEGALLY ENTITLED TO</u>

Michael Brumbaugh writes in his extremely untimely Response and Opposition that Steven Zinnel *has served discovery in the Sacramento Probate Court action involving the Castana Trust.* (Response at 2:25-26). So what? And that *Steven Zinnel will no doubt zealously pursue discovery rights in the Sacramento Probate Court.* Administrator Michael Brumbaugh is correct Zinnel will use the probate court to enforce lawfully propounded discovery. Michael Brumbaugh is also correct that he objected to every single discovery request of Steven Zinnel in the Sacramento Probate Court

[3] https://calapp.blogspot.com/2022/06/in-re-marriage-of-deal-cal-ct-app-june.html

action serving 176 pages boilerplate and meritless objections repeated *as nauseum*. Steven Zinnel has attached to the concurrently filed Exhibits in support of this Reply as Exhibit 14, the fatally flawed objections Michael Brumbaugh served in response to Steven Zinnel's discovery request Michael Brumbaugh cited in his Response and Opposition at 2:26-3:6.

Under California law, Steven Zinnel is entitled to propound discovery in the Sacramento County Probate Court cases a thirty-eight years ago, the California Legislature enacted the *Civil Discovery Act of 1986* as codified in California *Code of Civil Procedure* ("*C.C.P.*") §2016.010, *et. seq*. *Code of Civil Procedure* §2016.010, *et. seq*. is a comprehensive revision of pretrial discovery statutes, the central precept of which **is that civil discovery be essentially self-executing.** Discovery is indispensable in the prosecution of a lawsuit. *Solorzano v. Superior Court* (1993) 18 Cal.App.4th 603, 615. Generally, the discovery methods are self-executing and absent an abuse of the system, courts need not intervene. *Mattco Forge, Inc. v. Arthur Young & Co.*, (1990) 223 Cal.App.3d 1429. Like its predecessor, the *Discovery Act of 1957*, the *Discovery Act of* ***1986*** **was enacted to eliminate the "game" element from trial preparation** while maintaining the adversarial nature of trial itself. *Mattco Forge, Inc. v. Arthur Young & Co.*, Supra. (emphasis added).

It is clear, neither Michael Brumbaugh nor attorney Kenneth Gregory Peterson will stop at nothing to prevent Steven Zinnel from receiving documents he is legally entitled to both in the Sacramento Probate cases and this case. Because of Michael Brumbaugh's and attorney Kenneth Gregory Peterson's specious actions, in Sacramento Probate Court, Steven Zinnel has pending motions to compel information and a motion to remove Michael Brumbaugh as administrator of the *Estate of David P. Zinnel*.

///

///

///

///

///

## V. AS A PARTY, DEFENDANT STEVEN ZINNEL IS ENTITLED TO ALL DOCUMENTS DAVID P. ZINNEL PRODUCED TO THE GOVERNMENT

As a defendant and thus a party in the District Court cases in which the subpoenas were issued by the government for documents relating to Steven Zinnel and the Castana Trust, Steven Zinnel is legally entitled to copies of all documents the government attorneys received pursuant to their subpoenas. (*Federal Rules of Civil Procedure* Rule 45(a)(4)). However, neither AUSA Didier, AUSA Ernce, nor attorney Kenneth Gregory Peterson have ever provided party Defendant Steven Zinnel with a single document David Zinnel's attorney Kenneth Gregory Peterson produced to the government pursuant to the two subpoenas. Zinnel believes hundreds of pages of documents were produced pursuant to the two subpoenas which Zinnel is legally entitled to as a party to the actions in the capacity of a defendant.

Steven Zinnel has requested from AUSA Lynn Trinka Ernce and attorney Kenneth Gregory Peterson many times in writing that they provide Steven Zinnel with all the documents produced by David Zinnel pursuant to the two subpoenas and all the documents the United States has received pursuant to the two subpoenas that were issued to David P. Zinnel. However, AUSA Lynn Trinka Ernce and AUSA Audrey Benison Hemesath, and attorney Kenneth Gregory Peterson have all refused to provide Zinnel with the subpoenaed documents.

Steven Zinnel is the Party Defendant in this case. Thus, he is entitled to the documents the government received pursuant to the subpoenas that the government wants to use against Steven Zinnel. Further, as a named party, Steven Zinnel certainly has standing to bring a motion to compel.

///

///

///

///

///

///

## VI. THE JUNE 3, 2022 PARTIAL SETTLEMENT REACHED IN A DIFFERENT CASE IS IRRELEVANT TO THE COURT'S RULING ON THE INSTANT MOTION AND THE PARTIAL SETTLEMENT AGREEMENT DOES NOT PREVENT STEVEN ZINNEL FROM FILING A MOTION TO COMPEL IN THIS CASE

Michael Brumbaugh and attorney Kenneth Gregory Peterson blatantly misrepresents to this court as follows:

> *Steven Zinnel agrees not to file any petitions* ***in the Probate Action*** *"until the entire matter involving the Ameritrade account is resolved."*

**First**, during the June 3, 2022 Settlement Conference in the case entitled *United States v. Steven Zinnel / TD Ameritrade Clearing, Inc., (Garnishee)*, U.S.D.C. ED CA Case No. 2:21-mc-00098-TLN-AC, Steven Zinnel **did not** agree to not file any motions in the Sacramento Superior Court Probate division. Here is what the relevant portion of Transcript actually state:

> **The Court**: ***Steven Zinnel agrees that he is entitled to accounting from the Castana Trust****, agrees not to file any petitions, he's not seeking to have any distributions from the Castana Trust, any liquidations of any real property or anything else, again, until this entire matter involving the Ameritrade account is resolved.* (emphasis added)
>
> **Mr. Steven Zinnel**: *Not only do* ***I want an accounting from David Zinnel****, but I want an accounting from the government.*

Magistrate Judge Newman does not state Steven Zinnel agrees *to not file to file any petitions in the Probate Action* as Michael Brumbaugh and attorney Kenneth Gregory Peterson misrepresent to this court.

**Second**, an accounting from the Castana Trust and its then Trustee David Zinnel was a Condition Precedent in the Settlement Conference. According to Cornell Law School, a Condition Precedent is defined as follows:

> A condition precedent is **a condition or an event that must occur before a right, claim, duty, or interest arises**.
>
> **In a contract, a condition precedent is an event that must occur before the parties are obligated to perform**. [4]

A Settlement Agreement is a contract, and the legal principles which apply to contracts generally apply to settlement contracts. (See, e.g., *Gorman v. Holte*, (1985) 164 Cal. App. 3d 984. Therefore, even if Steven Zinnel was prevented from filing any motions with the Sacramento Superior Court Probate Division, which he not, **the Trustee of the Castana Trust would have to provide a complete accounting to Steven Zinnel, which he has not, before Steven Zinnel had a *duty or obligation to perform*** under the contract. Zinnel explained this to Trustee Michael Brumbaugh and attorney Kenneth Gregory Peterson in a letter dated September 13, 2023 and an email sent on September 14, 2023.

**Third**, the Settlement Agreement is not enforceable because Zinnel has filed a Notice of Appeal in the case that had the June 3, 2022 Settlement Conference entitled *United States v. Steven Zinnel / TD Ameritrade Clearing, Inc., (Garnishee)*, U.S.D.C. ED CA Case No. 2:21-mc-00098-TLN-AC.

The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982). See also, e.g., *Berman v. United States*, 302 U.S. 211, 214, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937); *Hovey v. McDonald*, 109 U.S. 150, 157, 3 S.Ct. 136, 140, 27 L.Ed. 888 (1883).

///

///

///

///

///

[4] https://www.law.cornell.edu/wex/condition_precedent

## VII. UNDER THE CALIFORNIA VEXATIONS LITIGANT STATUTE AND WELL-SETTLED DECISIONAL LAW, STEVEN ZINNEL IS NOT A VEXATIOUS LITIGANT

Even though it is irrelevant to the court's ruling on Zinnel's Motion to Compel, Steven Zinnel feels compelled to respond to Michael Brumbaugh's propaganda that that Steven Zinnel is a vexations litigant to set the record straight and to highlight Michael Brumbaugh's and attorney Kenneth Gregory Peterson specious litigation tactics.

The vexatious litigant statutes are designed to protect opposing parties harassed by **meritless lawsuits**. *Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 1005. In other words to protect an *opposing party* defendant from a *merit lawsuit* brought by an in propria persona Plaintiff.

The California Supreme Court summarized the effect of the vexatious litigant laws are as follows: "In pending litigation, **a defendant** may have **the plaintiff** declared a vexatious litigant **and**, if the plaintiff has no reasonable probability of prevailing, ordered to furnish security." *Shalant v. Girardi*, (2011) 51 Cal.4th 1164, 1171. In In *Mahdavi v. Superior Court* (2008) 166 Cal.App.4th 32, 40, reviewing court reinforced its interpretation of *C.C.P.* §391.7 by examining the definition and use of the terms "plaintiff" and "defendant" in the vexatious litigant statutes, **confirmed that a plaintiff under the statutes is the party who has filed a complaint — "the party who is prosecuting claims against another party."**

District Courts are counseled that "Restricting access to the courts is a serious matter." *Ringgold-Lockhart v. Cnty. of Los Angeles,* 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir.1990)). "The right of access to the courts is a fundamental right protected by the Constitution." *Id.* (quoting *Delew v. Wagner,* 143 F.3d 1219, 1222 (9th Cir.1998)). "*The First Amendment* 'right of the people . . . to petition the Government for a redress of grievances,' which secures the right to access the courts, has been termed 'one of the most precious of the liberties safeguarded by the Bill of Rights.'" *Id.* (quoting *BE & K Const. Co. v. NLRB,* 536 U.S. 516, 524–25 (2002)). "Profligate use of pre-filing orders could infringe this

important right, *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir.2007) (per curiam), **as the pre-clearance requirement imposes a substantial burden on the free-access guarantee**." *Id.* at 1062. (emphasis added). "Out of regard for the constitutional underpinnings of the right to court access, '**prefiling orders should rarely be filed**,' and only if courts comply with certain procedural and substantive requirements. *Id.* (quoting *De Long*, 912 F.2d at 1147). (emphasis added).

When district courts seek to impose pre-filing restrictions, they must:

> (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Id.* (citing *DeLong*, 912 F.2d at 1147–48).

California *Code of Civil Procedure* ("*C.C.P.*") §391 states in relevant part:

As used in this title, the following terms have the following meanings:

(a) "**Litigation**" means any **civil action** or proceeding, commenced, maintained or pending in any state or federal court. (emphasis added)

(b) "Vexatious litigant" means a person who does any of the following:

> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five **litigations** [**i.e. civil actions**]… that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing. (emphasis added)

*C.C.P.* §391(d) defines a Plaintiff: "**Plaintiff**" means **the person who commences**, institutes or maintains a litigation or causes it to be commenced, instituted or maintained, including an attorney at law acting in propria persona. (emphasis added).

*C.C.P.* §391(e) defines a Defendant: "**Defendant**" means **a person against whom a litigation is brought.**

In fact, the California Judicial Counsel Form entitled *Prefiling Order – Vexatious Litigant, Judicial Council*, Form VL-100, specifies the person that initiates a **Civil Action** is a *Plaintiff* or *Cross Complainant* and that is the person the Vexatious Litigant Prefiling Order applies to.

**Litigation' for purposes of vexatious litigant requirements** ... includes proceedings initiated in the Courts of Appeal by notice of appeal or by writ petitions **other than criminal matters**"]; see also *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1171-1172. (emphasis added).

In *Mahdavi v. Superior Court* (2008) 166 Cal.App.4th 32, **the court explained, "A defendant who appeals an adverse ruling is not filing 'new' litigation or 'maintaining' litigation, but rather, is attempting to 'undo' the results of litigation that has been instituted against him .**

**Dispositive Facts and Law**

In the past sixty (60) years, Steven Zinnel has never been found by any court to be a vexations litigant. Steven Zinnel is not the Petitioner in the two pending Sacramento County Superior Court Probate Cases, i.e. the *Catana Trust* case and the *Estate of David P. Zinnel* case. In fact, Steven Zinnel is not a party in either of the Sacramento County Superior Court Probate Cases as he is a co-beneficiary in the *Castana Trust* case and a Creditor in the *Estate of David P. Zinnel* case. Except for the two pending Sacramento County Superior Court Probate Cases, i.e. the *Catana Trust* case and the *Estate of David P. Zinnel* case, all the court cases Steven Zinnel been involved with in the last twelve (12) years, has been related to a federal Criminal Action entitled *United States of America v. Steven Zinnel*, U.S.D.C. ED CA Criminal Case No.: 2:11-cr-00234-TLN ("Criminal Action") wherein Steven Zinnel was a defendant. In all the cases cited by Michael Brumbaugh in his Exhibit C, Steven Zinnel was a Defendant in a Criminal Action or a non-party in a Probate Action that he did not initiate.

In the past 60 years, to the best of Steven Zinnel's knowledge, he has been a Plaintiff in propria persona in two Civil Actions. One in California Superior Court and one in federal court. The California Superior Court Civil Action Steven Zinnel was the Plaintiff in, **was filed over 18 years ago** and the federal court Civil Action Steven Zinnel was the Plaintiff in **was filed over 13 years ago**.

Thus, under *C.C.P.* §391(b)(1) as a matter of law Steven Zinnel cannot be a Vexatious Litigant because in the immediately **preceding seven-year period**, Steven Zinnel **HAS NOT** commenced, prosecuted, or maintained in propria persona **at least five litigations [i.e. civil actions]**... that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

Further under California decisional law, **Steven Zinnel cannot find a single reported case that a defendant in case, let alone a criminal defendant, has ever been found to be a vexatious litigant**.

None of the federal Criminal Cases cited by Michael Brumbaugh in his Exhibit C can be considered in a vexatious litigant analysis because under *C.C.P.* §391(a) "**Litigation**" means any **civil action** or proceeding, commenced, maintained or pending in any state or federal court. (emphasis added). The federal Criminal Cases are not "civil actions." Further, Steven Zinnel certainly did not initiate the federal Criminal cases and in every criminal case cited, the United States of America is the Plaintiff and Steven Zinnel is the defendant.

Further, the reviewing court in *Holcomb v. US Bank Nat. Ass'n,* (2005) 129 Cal.App.4th 1494 opined:

> It is difficult, if not impossible, to make a determination under subdivision (b)(3) simply by resort to the docket sheet of a previous case. Even when the outcome of a particular motion can be successfully divined from the docket — a task that is not always easy — **it is often impossible to discern whether the particular motion was completely meritless, or made for an improper purpose**.

Thus, no court can consider Michael Brumbaugh's Exhibit C in a vexatious litigant analysis.

## VIII. CONCLUSION

Based on the aforementioned and the concurrent filings, the Court should ignore Michael Brumbaugh's extremely untimely Response and Opposition and should not consider the Opposition in any way other than the light it sheds on Michael Brumbaugh's and attorney Kenneth Gregory Peterson specious litigation tactics.

Respectfully submitted,

Steven Zinnel

February 6, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that at the date of service, I was over the age of 18. I further certify that on the date specified executed below, I served the foregoing document(s) on the following persons and/or organization:

| | |
|---|---|
| AUSA Lynn Trinka Ernce<br>AUSA Audrey Benison Hemesath<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814<br><br>Attorneys for the United States of America | Kenneth Gregory Peterson<br>K. Greg Peterson, APC<br>455 Capitol Mall, Suite 325<br>Sacramento, CA 95814<br><br>Attorneys for the *Estate of David Zinnel* |
| Michael Brumbaugh<br>MBI Consulting Group, Inc.<br>P.O. Box 3100<br>Fair Oaks, CA 95628<br><br>Administrator of the *Estate of David P. Zinnel* | |

I further certify I served the foregoing document(s) by the following method checked:

☑ **BY MAIL**: I deposited such envelope in a U.S. Mail receptacle, with postage prepaid, and addressed as above described.

Executed on **February 6, 2024**, at Aliso Viejo, California. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Steven Zinnel
11 Verdin Lane
Aliso Viejo, CA 92656

STEVEN ZINNEL
11 Verdin Lane
Aliso Viejo, CA 92656

E. firsthalfsteve@gmail.com

Defendant In pro se

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>STEVEN ZINNEL,<br>Defendant. | Case No.: 2:19-mc-00241-TLN-EFB<br><br>**DEFENDANT STEVEN ZINNEL'S <u>OBJECTION</u> TO MICHAEL BRUMBAUGH'S EXTREMELY UNTIMELY RESPONSE AND OPPOSITION [ECF #15] TO STEVEN ZINNEL'S MOTION TO COMPEL THE UNITED STATES OF AMERICA AND ITS ATTORNEYS, ATTORNEY KENNETH GREGORY PETERSON, AND THE ESTATE OF DAVID P. ZINNEL TO PRODUCE ALL DOCUMENTS PRODUCED TO THE GOVERNMENT PURSUANT TO TWO SUBPOENAS**<br><br>[Filed Concurrently with Defendant Steven Zinnel's Reply and Objection to Michael Brumbaugh's Extremely Untimely Response and Opposition [ECF #15]<br><br><u>Hearing</u><br><br>Date: February 14, 2024<br>Time: 11:00 AM<br>Judge: Edmund F. Brennan<br>Ct. Rm: 8 |

To the Court, the United States of America ("government") and its attorneys AUSA Lynn Trinka Ernce and AUSA Audrey Benison Hemesath, attorney Kenneth Gregory Peterson, the *Estate of David P. Zinnel*, the *Estate of David P. Zinnel* administrator Michael Brumbaugh, and any interested persons and organizations. Defendant Steven Zinnel ("Zinnel") hereby submits his Objection to Michael Brumbaugh's Extremely Untimely "Response" and "Opposition" [ECF #15] to Steven Zinnel's Motion to Compel Production of Documents pursuant to Subpoenas (hereinafter "Objection"):

## I. KEY LAW

This Court's *Local Rule* 230(c) concerns Oppositions and states as follows:

> Opposition and Non-Opposition. Opposition, if any, to the granting of the motion shall be in writing and **SHALL be filed and served no later than fourteen (14) days after the motion was filed.** A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. **No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party**. See L.R. 135. **A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion**. (emphasis added) [1]

## II. ADMINISTRATOR MICHAEL BRUMBAUGH'S AND/OR THE *ESTATE OF DAVID P. ZINNEL* "RESPONSE" AND "OPPOSITION" IS EXTREMELY UNTIMELY AND MUST BE DISREGARDED BY THE COURT AND THE COURT SHOULD GRANT STEVEN ZINNEL'S MOTION TO COMPEL

On November 30, 2023, Steven Zinnel filed his Motion to Compel the Government, attorney Kenneth Gregory Peterson, and the Estate of David P. Zinnel to Produce all Documents Produced

[1] The Supreme Court has found "**shall** to be the language of command." *Escoe v. Zerbst*, 295 U.S. 490, 493 (1935). **Shall** creates an obligation not subject to judicial discretion. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

to the Government Pursuant to Two Subpoenas along with his supporting Memorandum, Declaration, Index of Exhibits, and [Proposed] Order. (ECF #5). Thus, under *Local Rule* 230(c) the Government's, the *Estate of David P. Zinnel*'s, attorney Kenneth Gregory Peterson's, and Administrator Michael Brumbaugh's "Response" and "Opposition" was due to be filed no later than December 14, 2023. However, Administrator Michael Brumbaugh, the *Estate of David P. Zinnel*, and attorney Kenneth Gregory Peterson DID NOT file their "Response" and "Opposition" until January 31, 2024; forty-eight **(48) days too late**.

Further, in Steven Zinnel's Objection to the Government's **untimely response** that was served on December 19, 2023 on government attorney AUSA Lynn Trinka Ernce, attorney Kenneth Gregory Peterson, the *Estate of David P. Zinnel*, and Administrator Michael Brumbaugh, Steven Zinnel provided actual notice to the *Estate of David P. Zinnel*, Administrator Michael Brumbaugh, and attorney Kenneth Gregory Peterson that under this Court's *Local Rule* 230(c) any response/opposition to Steven Zinnel's Motion to Compel was due to be filed by December 14, 2023.

Thus, under *Local Rule* 230(c), neither the government nor the *Estate of David P. Zinnel*, attorney Kenneth Gregory Peterson, nor Administrator Michael Brumbaugh should be entitled to be heard in opposition of Steven Zinnel's Motion to Compel Production of Documents at oral argument. Further, the court should rule that the untimely response and opposition by the *Estate of David P. Zinnel*, attorney Kenneth Gregory Peterson, and Administrator Michael Brumbaugh's woefully untimely response and opposition to be construed by the Court as a non-opposition to Steven Zinnel's Motion to Compel Production of Documents.

///

///

///

///

///

///

///

## III. <u>IT IS OBVIOUS THAT THE GOVERNMENT' ATTORNEY AND ATTORNEY KENNETH GREGORY PETERSON, ADMINISTRATOR MICHAEL BRUMBAUGH AND THE *ESTATE OF DAVID P. ZINNEL* ARE CONSPIRING AND DOING ANYTHING THY CAN TO THWART STEVEN ZINNEL'S MOTION TO COMPEL DOCUMENTS PRODUCED PURSUANT TO THE GOVERNMENT'S SUBPOENAS</u>

As stated above, after Administrator Michael Brumbaugh, the *Estate of David P. Zinnel*, and attorney Kenneth Gregory Peterson were given actual notice of Steven Zinnel's Motion to Compel and the Governments untimely response which Steven Zinnel has objected to, they did nothing thus voting with their feet.

On January 23, 2024, Steven Zinnel emailed a letter to AUSA Lynn Trinka Ernce regarding his Meet and Confer attempt to end all the subpoena document litigation which covered Steven Zinnel's Motion to Compel and his pending appeal. (see concurrently filed Index of Exhibits in support of Reply and Objection, Exhibit #11). AUSA Lynn Trinka Ernce acknowledged Steven Zinnel's meet and confer letter to end the litigation. (see Exhibit #12). On February 1, 2024, Steven Zinnel received an email from AUSA Lynn Trinka Ernce wherein she wrote:

> Mr. Peterson's client filed an objection to your motion yesterday. Given this, and consistent with the United States' position in its statement filed on December 19, the United States will await the court's ruling on the objections.
>
> Lynn

It is obvious to Steven Zinnel that AUSA Lynn Trinka Ernce delayed responding to Steven Zinnel's January 23, 2024 Meet and Confer letter so she could contact attorney Kenneth Gregory Peterson and tell him to file a Response and Opposition to Steven Zinnel's Motion to Compel even though both AUSA Lynn Trinka Ernce and attorney Kenneth Gregory Peterson knew the "Response and Opposition would be extremely untimely under this Court's *Local Rule* 230(c) and under said

rule ***No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party***. *See L.R. 135.* ***A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.*** (emphasis added)

The court should SUSTAIN this objection, and Steven Zinnel's previously filed objection to the government's untimely response and construe Steven Zinnel Motion to Compel as unopposed and not allow AUSA Lynn Trinka Ernce or attorney Kenneth Gregory Peterson to participate in oral argument during the hearing of Steven Zinnel's Motion to Compel.

Respectfully submitted,

Steven Zinnel

February 6, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that at the date of service, I was over the age of 18. I further certify that on the date specified executed below, I served the foregoing document(s) on the following persons and/or organization:

| | |
|---|---|
| AUSA Lynn Trinka Ernce<br>AUSA Audrey Benison Hemesath<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814<br><br>Attorneys for the United States of America | Kenneth Gregory Peterson<br>K. Greg Peterson, APC<br>455 Capitol Mall, Suite 325<br>Sacramento, CA 95814<br><br>Attorneys for the *Estate of David Zinnel* |
| Michael Brumbaugh<br>MBI Consulting Group, Inc.<br>P.O. Box 3100<br>Fair Oaks, CA 95628<br><br>Administrator of the *Estate of David P. Zinnel* | |

I further certify I served the foregoing document(s) by the following method checked:

☑ **BY MAIL**: I deposited such envelope in a U.S. Mail receptacle, with postage prepaid, and addressed as above described.

Executed on **February 6, 2024**, at Aliso Viejo, California. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Steven Zinnel
11 Verdin Lane
Aliso Viejo, CA 92656

STEVEN ZINNEL
11 Verdin Lane
Aliso Viejo, CA 92656

E. firsthalfsteve@gmail.com

Defendant In pro se

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEVEN ZINNEL,

Defendant.

Case No.: 2:19-mc-00241-TLN-EFB

**DEFENDANT STEVEN ZINNEL'S INDEX OF EXHIBITS IN SUPPORT OF HIS REPLY AND OBJECTION TO MICHAEL BRUMBAUGH'S EXTREMELY UNTIMELY RESPONSE AND OPPOSITION [ECF #15] TO STEVEN ZINNEL'S MOTION TO COMPEL THE UNITED STATES OF AMERICA AND ITS ATTORNEYS, ATTORNEY KENNETH GREGORY PETERSON, AND THE ESTATE OF DAVID P. ZINNEL TO PRODUCE ALL DOCUMENTS PRODUCED TO THE GOVERNMENT PURSUANT TO TWO SUBPOENAS**

[Filed Concurrently with Defendant Steven Zinnel's Reply and Objection to Michael Brumbaugh's Extremely Untimely Response and Opposition [ECF #15]

Hearing

Date: February 14, 2024
Time: 11:00 AM
Judge: Edmund F. Brennan
Ct. Rm: 8

To the Court, the United States of America and its attorneys AUSA Lynn Trinka Ernce and Audrey Benison Hemesath, attorney Kenneth Gregory Peterson, the *Estate of David P. Zinnel*, the *Estate of David P. Zinnel* administrator Michael Brumbaugh, and any interested persons. Defendant Steven Zinnel ("Zinnel") hereby submits his Index of Exhibits in Support of his Motion to Compel the Government, attorney Kenneth Gregory Peterson, and the *Estate of David* P. Zinnel to Produce all Documents Produced to the Government Pursuant to Two Subpoenas:

| **Exhibit #** | **Description** | **Page #** |
|---|---|---|
| 10 | First page of Administrator Michael Brumbaugh's Response and Opposition to Steven Zinnel's Motion to Compel the United States of America and its Attorneys, Attorney Kenneth Gregory Peterson, and the Estate of David P. Zinnel to Produce All Documents Produced Pursuant to two subpoenas | 3 |
| 11 | Letter from Steven Zinnel to AUSA Lynn Trinka Ernce regarding Meet and Confer to end subpoena document litigation sent via email on January 23, 2024 | 5 |
| 12 | Email from AUSA Lynn Trinka Ernce to Steven Zinnel acknowledging receiving Steven Zinnel's Meet and Confer letter regarding ending subpoena document litigation sent via email on January 23, 2024 | 8 |
| 13 | Email from AUSA Lynn Trinka Ernce to Steven Zinnel stating that the United States will await the court's ruling on Administrator Michael Brumbaugh's Objections sent via email on February 1, 2024 | 10 |
| 14 | Relevant pages of Response of Michael Brumbaugh, Trustee of the Castana Trustee of the Castana Trust Dated March 4, 2009, to Propounding Party's Request for Production of Documents, Set No. 1 served on January 16, 2024 which comprise of only Objections | 12 |

Respectfully submitted,

Steven Zinnel

February 6, 2024

# EXHIBIT 10

K. Greg Peterson, Esq. (SBN: 118287)
K. GREG PETERSON, a Professional Law Corporation
455 Capitol Mall, Suite 325
Sacramento, California 95814
Telephone: (916) 443-3010
Facsimile: (916) 492-2680
Email: greg@kgregpeterson.com

Attorney for MICHAEL BRUMBAUGH, Administrator of the Estate of David P. Zinnel, Deceased

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEVEN ZINNEL,

Defendant.

Case No.: 2:19-mc-00241

RESPONSE AND OPPOSITION TO STEVEN ZINNEL'S MOTION TO COMPEL THE UNITED STATES OF AMERICA AND ITS ATTORNEYS, ATTORNEY KENNETH GREGORY PETERSON, AND *THE ESTATE OF DAVID P. ZINNEL* TO PRODUCE ALL DOCUMENTS PRODUCED PURSUANT TO TWO SUBPOENAS

Date: February 14, 2024
Time: 11:00 A.M.
Ct. Rm.: 8

COMES NOW MICHAEL BRUMBAUGH, Administrator of the Estate of David P. Zinnel, Decedent, and herewith submits the following response and opposition to STEVEN ZINNEL's Motion to Compel the United States of America and its Attorneys, Attorney Kenneth Gregory Peterson, and *the Estate of David P. Zinnel* to Produce All Documents Produced Pursuant to Two Subpoenas.

## I. **The Subpoena At Issue In The Criminal Case**.

In the instant motion, Steven Zinnel is seeking the production of some of the same documents he sought in the *United States of America v. Steven Zinnel*, USDC, ED CA, Case No. 2:11-cr-00234 (the "**Criminal Case**") from the United States of America



# EXHIBIT 11

Steve Zinnel
11 Verdin Ln.
Aliso Viejo, CA 92656

E. firsthalfsteve@gmail.com

January 23, 2024

Lynn Trinka Ernce
United States Attorney's Office
501 I Street, Suite 10-100
Sacramento, CA 95814

Via Email only

E. lynn.trinka.ernce@usdoj.gov

Re: *United States v. Steven Zinnel,* U.S.D.C. ED CA Case No. 2:11-cr-234-TLN
*United States v. Steven Zinnel,* U.S.D.C. ED CA Case No. 2:19-mc-00241-TLN-EFB
*United States v. Steven Zinnel / David Zinnel, Castana Trust*
U.S.D.C. ED CA Case No. 2:21-mc-00143-TLN-AC
*United States v. Steven Zinnel,* Ninth Circuit Court of Appeals Case No. 23-4268

Meet and Confer to ending subpoena document litigation

Dear Ms. Ernce:

I write to you in a good faith attempt to end the subpoena document litigation in the above referenced cases.

On December 19, 2023, in *United States v. Steven Zinnel*, U.S.D.C. ED CA Case No. 2:19-mc-00241-TLN-EFB, you filed a document entitled UNITED STATES OF AMERICA'S STATEMENT IN RESPONSE TO DEFENDANT'S MOTION TO COMPEL (ECF #7) wherein you represented to the court in relevant part as follows:

> ***The United States does not oppose production of the documents that David Zinnel voluntarily provided to the United States*** *between May and December 2020, subject to any objections or claims of privilege or other protection raised by the Estate of David Zinnel in response to this motion to be decided by the Court.*

In my filed Reply, I informed you and the court that there can be no objection or claim of privilege because the time for David Zinnel to object to the subpoenas has long passed and almost every single category of documents the two subpoenas commanded David P. Zinnel to produce to the government refers or relates to either Steven Zinnel or the Castana Trust which Steven Zinnel is a co beneficiary of. Obviously, any documents related to Steven Zinnel, Steven Zinnel would be the holder of any privilege. Further, Steven Zinnel is the co-beneficiary of the Castana Trust dated

March 4, 2009 and the only surviving son of the Castana Trust creator Ardith Ferris (deceased). Thus, Steven Zinnel is legally entitled to any Castana Trust documents.

Importantly, even though David Zinnel's attorney Kenneth Gregory Peterson was served with all the moving papers, opposition, and reply papers in *United States v. Steven Zinnel*, U.S.D.C. ED CA Case No. 2:19-mc-00241-TLN-EFB, Mr. Peterson has not opposed my Motion to Compel or objected to the document production in any way.s

Likewise in *United States v. Steven Zinnel / David Zinnel, Castana Trust* U.S.D.C. ED CA Case No. 2:21-mc-00143-TLN-AC, on July 1, 2021, you issued subpoenas to JP Morgan Chase Bank, N.A. and The Vanguard Group, Inc. seeking Castana Trust records.

As you are aware, in *United States v. Steven Zinnel*, U.S.D.C. ED CA Case No. 2:19-mc-00241-TLN-EFB, my Motion to Compel is now set for hearing on February 14, 2024 at 11:00 AM. Further, as you are aware, I have a pending appeal in the case entitled , *United States v. Steven Zinnel*, Ninth Circuit Court of Appeals Case No. 23-4268 wherein I am seeking my seeking the documents you received pursuant to four (4) subpoenas.

As you have already represented to the court that *the United States does not oppose production of the documents that David Zinnel voluntarily provided to the United States between May and December 2020*, in order to end the law and motion litigation in *United States v. Steven Zinnel*, U.S.D.C. ED CA Case No. 2:19-mc-00241-TLN-EFB and the appeal in *United States v. Steven Zinnel*, Ninth Circuit Court of Appeals Case No. 23-4268, I write to you to request that the government produce to me forthwith all the documents the government received to the four subpoenas as I am a Party and I am entitled to all documents the government has received and wants to use against me.

Public policy is to promote settlement and end litigation. I am quite confident I will prevail in the aforementioned litigation as I am entitled to the documents the government received pursuant to subpoenas. If the government were simply to produce the documents to me, you and the government will end some of the costly and time-consuming litigation between the government and Steven Zinnel.

Please advise expeditiously as to how you and the government wants to proceed.

Very truly yours,

/S/

Steven Zinnel

# EXHIBIT 12

From: Ernce, Lynn Trinka (USACAE) <Lynn.Trinka.Ernce@usdoj.gov>
Sent: Tuesday, January 23, 2024 12:36 PM
To: firsthalfsteve@gmail.com
Cc: Hemesath, Audrey (USACAE) <Audrey.Hemesath@usdoj.gov>
Subject: RE: [EXTERNAL] United States v. Steven Zinnel and meet and confer letter

Mr. Zinnel,


Acknowledging receipt.  I will try to get back to you later this week.


Lynn

# EXHIBIT  13

**From:** Ernce, Lynn Trinka (USACAE) <Lynn.Trinka.Ernce@usdoj.gov>
**Sent:** Thursday, February 1, 2024 11:58 AM
**To:** firsthalfsteve@gmail.com
**Cc:** K. Greg Peterson <greg@kgregpeterson.com>
**Subject:** RE: [EXTERNAL] United States v. Steven Zinnel and meet and confer letter

Mr. Zinnel,

Thanks for the note. Yes, I said I would try to get back to you last week, and that was my plan, but I was tied up on several pressing matters.

Mr. Peterson's client filed an objection to your motion yesterday. Given this, and consistent with the United States' position in its statement filed on December 19, the United States will await the court's ruling on the objections.

Lynn

Case 2:19-mc-00241-TLN-EFB Document 7 Filed 12/19/23 Page 2 of 2

4. The United States does not oppose production of the documents that David Zinnel voluntarily provided to the United States between May and December 2020, subject to any objections or claims of privilege or other protection raised by the Estate of David Zinnel in response to this motion to be decided by the Court.

**Lynn Trinka Ernce | Chief, Asset Recovery Unit | U.S. Attorney's Office for the Eastern District of California**
Robert T. Matsui United States Courthouse | 501 I Street, Suite 10-100 | Sacramento, CA 95814
***t*** 916-554-2720 | ***f*** 916-554-2900 | ***e*** lynn.trinka.ernce@usdoj.gov

# EXHIBIT  14

K. Greg Peterson, Esq. (SBN: 118287)
K. GREG PETERSON, a Professional Law Corporation
455 Capitol Mall, Suite 325
Sacramento, California 95814
Telephone: (916) 443-3010
Facsimile: (916) 492-2680
Email: greg@kgregpeterson.com

Attorney for Petitioner, MICHAEL BRUMBAUGH, Successor Trustee of The Castana Trust

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| IN THE MATTER OF:<br><br>The Castana Trust, dated March 4, 2009 | Case No.: 34-2016-00200990<br><br>RESPONSE OF MICHAEL BRUMBAUGH, TRUSTEE OF THE CASTANA TRUST, DATED MARCH 4, 2009, TO PROPOUNDING PARTY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. 1 |

PROPOUNDING PARTY: STEVEN ZINNEL

RESPONDING PARTY: MICHAEL BRUMBAUGH, Trustee of the Castana Trust, dated March 4, 2009

SET NO.: ONE (1)

MICHAEL BRUMBAUGH, Trustee of the Castana Trust, responds to Propounding Party's Request for Production of Documents, Set No. 1, as follows:

**PRELIMINARY STATEMENT**

Responding Party has not completed his investigation and discovery into the facts related to this action. The following responses are based on information presently available to Responding Party. These responses are made without waiving Responding Party's rights to product any subsequently discovered documents. Responding Party

-1-

RESPONSE OF MICHAEL BRUMBAUGH, TRUSTEE OF THE CASTANA TRUST, DATED MARCH 4, 2009, TO PROPOUNDING PARTY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. ONE

KGP
K.GREG PETERSON
A PROFESSIONAL LAW CORPORATION

CASTANA TRUST. Steven Zinnel's discovery is designed to burden and harass the trustee of the CASTANA TRUST.

Responding Party further objects to this Request on the ground that it seeks information or documents protected by the attorney-client privilege. The attorney-client privilege is broadly construed and extends to "factual information" and "legal advice." (See *Mitchell v. Superior Court* (1984) 37 Cal.3d 591, 601.) Responding Party further objects to this Request to the extent it seeks attorney work product in violation of Code of Civil Procedure sections 2018.020 and 2918.030. (See *Mack v. Superior Court of Sacramento County* (1968) 259 Cal.App.2d 7, 10.)

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2**:

Any and all documents which refer or relate to the CASTANA TRUST that David Zinnel and attorney Kenneth Gregory Peterson voluntarily produced to the United States of America and its attorneys AUSA Kurt Didier and AUSA Lynn Trinka Ernce within the last five (5) years including, but not limited to, all CASTANA TRUST documents product to pursuant to [*sic*] pursuant to the Subpoena to Produce Documents, Information, or Object or to Permit Inspection of Premises in a Civil Action Commanding David P. Zinnel, who was the CASTANA Trust Successor Trustee at the time, to product CASTANA TRUST documents to the United States of America on May 4, 2020 in the case entitled United States v. Steven Zinnel, U.S.D.C. ED CA Case No. 2:11-cr-00234-TLN.

**RESPONSE TO REQUEST FOR PRODUCION OF DOCUMENTS NO. 2**:

Objection. Responding Party objects to this Request on the grounds that it is compound, vague and ambiguous, unintelligible, and overly broad.

Responding Party further objects to this Request on the ground that Steven Zinnel temporarily waived his right to an accounting or information concerning the CASTANA TRUST as part of the June 3, 2022 settlement agreement reached in the matter entitled *United States v. Steven Zinnel*, United States District Court, Eastern District of California, Case No. 2:21-mc-00098 ("**Garnishment Case No. 1**").

-4-

KGP K.GREG PETERSON A PROFESSIONAL LAW CORPORATION

RESPONSE OF MICHAEL BRUMBAUGH, TRUSTEE OF THE CASTANA TRUST, DATED MARCH 4, 2009, TO PROPOUNDING PARTY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. ONE

Responding Party further objects to this Request on the grounds that it is improper and Steven Zinnel lacks standing. Steven Zinnel is no longer a beneficiary of the CASTANA TRUST because of the terms of the June 3, 2022 settlement agreement referenced herein above. According to the terms of the settlement the amount paid to the USA (over $1 million) on ZINNEL's behalf operates as a credit against any distribution to which he would otherwise be entitled from the CASTANA TRUST, but the CASTANA TRUST has total assets of less than $1 million and Steven Zinnel's interest is limited to 50% of the trust assets. Steven Zinnel is therefore not entitled to conduct discovery concerning the CASTANA TRUST.

Responding Party further objects to this Request on the grounds that it is burdensome and harassing. The scope of discovery propounded by Steven Zinnel far exceeds the reasonable scope of any discovery necessary concerning a trust with less than $1 million in assets or any interest Steven Zinnel actually holds in the assets of the CASTANA TRUST. Steven Zinnel's discovery is designed to burden and harass the trustee of the CASTANA TRUST.

Responding Party further objects to this Request on the grounds that production of the requested documents is untimely and may be precluded depending on the outcome of Responding Party's pending Motion for Instructions which requests, among other things, an order that until such time as the appeal of Garnishment Case No. 1 is finally resolved, trustee Michael Brumbaugh shall be under no duty to provide Steven Zinnel with an accounting or information concerning the CASTANA TRUST. Said matter is scheduled to be heard on April 4, 2024, in the Sacramento County Superior Court, Probate Department 129.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3**:

Any and all documents which refer or relate to the CASTANA TRUST that Successor Trustee Michael Brumbaugh has in his possession.

-5-

RESPONSE OF MICHAEL BRUMBAUGH, TRUSTEE OF THE CASTANA TRUST, DATED MARCH 4, 2009, TO PROPOUNDING PARTY'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. ONE

KGP C.GREG PETERSON A PROFESSIONAL LAW CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that at the date of service, I was over the age of 18. I further certify that on the date specified executed below, I served the foregoing document(s) on the following persons and/or organization:

| | |
|---|---|
| AUSA Lynn Trinka Ernce<br>AUSA Audrey Benison Hemesath<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814<br><br>Attorneys for the United States of America | Kenneth Gregory Peterson<br>K. Greg Peterson, APC<br>455 Capitol Mall, Suite 325<br>Sacramento, CA 95814<br><br>Attorneys for the *Estate of David Zinnel* |
| Michael Brumbaugh<br>MBI Consulting Group, Inc.<br>P.O. Box 3100<br>Fair Oaks, CA 95628<br><br>Administrator of the *Estate of David P. Zinnel* | |

I further certify I served the foregoing document(s) by the following method checked:

☑ **BY MAIL**: I deposited such envelope in a U.S. Mail receptacle, with postage prepaid, and addressed as above described.

Executed on **February 6, 2024**, at Aliso Viejo, California. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Steven Zinnel
11 Verdin Lane
Aliso Viejo, CA 92656

STEVEN ZINNEL
11 Verdin Lane
Aliso Viejo, CA 92656

E. firsthalfsteve@gmail.com

Defendant In Pro Se

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,
Plaintiff,
v.
STEVEN ZINNEL,
Defendant.

Case No.: 2:19-mc-00241-TLN-EFB

**STEVEN ZINNEL'S WAIVER OF ORAL ARGUMENT AT HEARING OR IN THE ALTERNATIVE REQUEST TO CONTINUE HEARING ON STEVEN ZINNEL'S MOTION TO COMPEL DOCUMENTS PRODUCED PURSUANT TO SUBPOENAS TO APRIL 3, 2023 AT 10:00 AM**

Re-Set Hearing

Date: February 14, 2024
Time: 11:00 AM
Judge: Edmund F. Brennan
Ct. Rm: 8

To the Court, United States of America ("government") and its attorneys AUSA Lynn Trinka Ernce and AUSA Audrey Benison Hemesath, attorney Kenneth Gregory Peterson, the *Estate of David P. Zinnel*, Michael Brumbaugh the Court-ordered Administrator of *Estate of David P. Zinnel*, and any interested persons and organizations:

Defendant in pro se Steven Zinnel hereby waives oral argument and his physical attendance at the hearing on February 14, 2024, at 11:00 AM, in Courtroom 8 of the above captioned court regarding his Motion to Compel the United States of America and its Attorneys, Attorney Kenneth Gregory Peterson, and the Estate Of David P. Zinnel to Produce All Documents Produced to the Government Pursuant to Two Subpoenas. Steven Zinnel will submit on his moving papers, replies, and objections filed.

In the alternative, if the court desires to hold a hearing and wants Steven Zinnel to attend, in the alternative, Steven Zinnel requests the hearing be rest to April 3, 2024 at 10:00 AM.

The reasons are as follows:

When Steven Zinnel noticed his motion to compel (ECF #5), Steven Zinnel set the hearing for January 17, 2024 at 10:00 AM which was a date and time he was available. The day before the hearing, on January 16, 2024, on the court's own motion, the court reset the hearing to February 14, 2024 at 11:00 AM (ECF #12) which is a date that Steven Zinnel is not available to be in a Sacramento.

Steven Zinnel filed a request to appear via Zoom on February 14, 2024. (ECF #14). However, on February 2, 2024, the court denied Steven Zinnel's request to appear via Zoom. (ECF #16).

Based on the aforementioned, Steven Zinnel is unavailable to appear in court in person on February 14, 2024 and therefore waives oral argument and submits on his filed moving papers, relies, and objections. In the alternative if the court desires to hold a hearing and wants Steven Zinnel to attend, in the alternative, Steven Zinnel requests the hearing be re-set to April 3, 2024 at 10:00 AM or permit Steven Zinnel to attend remotely via Zoom.

Respectfully requested,

Steven Zinnel
Defendant

January 17, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that at the date of service, I was over the age of 18. I further certify that on the date specified executed below, I served the foregoing document(s) on the following persons and/or organization:

| | |
|---|---|
| AUSA Lynn Trinka Ernce<br>AUSA Audrey Benison Hemesath<br>United States Attorney's Office<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814<br><br>Attorneys for the United States of America | Kenneth Gregory Peterson<br>K. Greg Peterson, APC<br>455 Capitol Mall, Suite 325<br>Sacramento, CA 95814<br><br>Attorneys for the *Estate of David Zinnel* |
| Michael Brumbaugh<br>MBI Consulting Group, Inc.<br>P.O. Box 3100<br>Fair Oaks, CA 95628<br><br>Administrator of the *Estate of David P. Zinnel* | |

I further certify I served the foregoing document(s) by the following method checked:

☑ **BY MAIL**: I deposited such envelope in a U.S. Mail receptacle, with postage prepaid, and addressed as above described.

Executed on **February 6, 2024**, at Aliso Viejo, California. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Steven Zinnel
11 Verdin Lane
Aliso Viejo, CA 92656