UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-mc-00241-TLN-EFB |
| Plaintiff, | |
| v. | ORDER |
| STEVEN ZINNEL, et al., | |
| Defendants. | |

On November 30, 2023, defendant Steven Zinnel filed a motion to compel production of documents in the possession of the government. ECF No. 5. The documents in question were obtained pursuant to two subpoenas issued by the United States to Zinnel's now-deceased brother, David Zinnel.[1] ECF No.5-3 at 5-10 (subpoena for deposition testimony); *id*. at 12-16 (subpoena for production of documents) [hereinafter the "David Zinnel Subpoenas" or "Subpoenas"].

I.   The David Zinnel Subpeonas

The David Zinnel Subpoenas were requested by the United States to aid in enforcing an unpaid criminal judgment entered against Steven Zinnel in Criminal Case No. 2:11-CR-00234-TLN (E.D. Ca.) [hereinafter the "11-234 Criminal Case"]. ECF No. 1 at 1-2. On December 18,

---

[1] David Zinnel died on October 14, 2022. ECF No. 5 at 2 n.3. David's estate has filed an opposition to Steven's motion. ECF No. 15.
\#

1

2019, the court ordered the clerk to issue and serve the Subpoenas. ECF No. 3. The court retained jurisdiction to resolve matters through ancillary proceedings in the case, if necessary. *Id*. at 2. Neither the United States, nor David Zinnel, sought the court's intervention regarding compliance with the Subpoenas.

## II.   The Nature of Steven Zinnel's Motion

Steven's Zinnel's motion asserts that the government's failure to serve him with copies of the Subpoenas, and failure to give notice in advance of service, violated Rule 45(a)(4) of the Federal Rules of Civil Procedure. ECF No. 5 at 2-3. Steven believes that hundreds of pages of documents were produced to the government in response to the Subpoenas. *Id*. at 3. Steven states he has requested copies of the documents from the government and from David's estate administrator, but his requests have been refused. *Id*.; ECF No. 5-1 at 5. Steven now asks the court to issue an order compelling the government and David's estate administrator to provide him with copies of "all documents the government received as the result of two subpoenas the government issued to David P. Zinnel." ECF No. 5-1 at 7. The only authority Steven cites for his request is the text of Fed. R. Civ. P. 45(a)(4), requiring notice to other parties before service of a subpoena. *Id*. at 5.

Steven has captioned his motion as a motion to compel production of documents. The United States, as the party that might typically have sought a motion to compel production, has responded to Steven's motion by indicating it defers to any claims of privilege or protection raised by David's estate. ECF No. 7 at 2. David's estate, as the party that might typically have sought an order of protection, has responded in opposition to Steven's motion by objecting *inter alia* that Steven lacks standing. ECF No. 15. For the reasons stated herein, the court need not address the merits of the estate's objections.

It is something of a misnomer to characterize Steven's motion, ECF No. 5, as a motion to compel production. Steven's motion is more in the nature of a request for discovery sanctions to be imposed on the United States for having failed to notify Steven of the Subpoenas when they were issued in late 2019 or early 2020. *See* ECF No. 5 at 2. The nature of the sanction Steven requests is that the United States and David's estate be required to provide Steven with copies of

the documents produced by David pursuant to the Subpoenas. *Id*. at 3; ECF No. 5-4. For this reason, the court will hereinafter refer to Steven's motion as the "motion for copies."

### III. The Near-Identical Motion in Steven Zinnel's Criminal Case

On November 29, 2023, Steven Zinnel filed a motion in the 11-234 Criminal Case asking the court for the same relief he is requesting here, on the same grounds.[2] *United States v. Zinnel*, 2:11-cr-00234-TLN, ECF Nos. 724. As with Steven's motion for copies in this case, his sole authority for his requested relief was the text of Rule 45(a)(4). *Id*. at ECF No. 724-1 at 6. The court denied the motion Steven filed in the 11-234 Criminal Case in a minute order issued December 8, 2023:

> The Court has reviewed Defendant's [*i.e.*, Steven Zinnel's] Motion to Compel Production of Documents Produced Pursuant to Four Subpoenas. (ECF No. 724.) Defendant seems to argue the Government failed to serve him with subpoenas in 2019, 2020, and 2021, and the Government's failure to do so violated Federal Rule of Civil Procedure 45(a)(4). Defendant's motion lacks clarity. Defendant fails to present authority – and the Court can conceive of none – to support granting the motion. In addition, it appears the subpoenas are associated with the civil garnishment actions brought against Defendant, not the instant criminal case. Accordingly, the Court DENIES Defendant's motion. Defendant is cautioned against submitting baseless motions in this closed criminal case in the future.

*Id*. at ECF No. 726.

Steven appealed. The Ninth Circuit Court of Appeals has affirmed the denial of Steven's motion filed in his criminal case. *United States v. Zinnel*, No. 23-4268 (9th Cir. Feb. 28, 2024); *see also United States v. Zinnel*, 2:11-cr-00234-TLN, ECF Nos. 731, 732 (court of appeals order and mandate entered on district court docket). The entirety of the Ninth Circuit's holding is that:

> A review of the record and [Steven Zinnel's] response to this court's January 8, 2024 order to show cause indicates that the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982). Zinnel has not established that the district court erred in denying Zinnel's motion, made in his closed criminal case, to compel production of documents obtained via subpoena in separate civil garnishment actions.

---

[2] Steven Zinnel's motion in his criminal case additionally asked for copies of documents produced pursuant to subpoenas issued to JP Morgan Chase Bank, N.A. and The Vanguard Group, Inc. *United States v. Zinnel*, 2:11-cr-00234-TLN, ECF No. 724 at 2. Steven's requests for copies produced in response to the JP Morgan and Vanguard subpoenas were resolved identically to his request for documents produced pursuant to the David Zinnel Subpoenas.

3

*United States v. Zinnel*, No. 23-4268 (9th Cir. Feb. 28, 2024); *see also United States v. Zinnel*, 2:11-cr-00234-TLN, ECF Nos. 731 (appellate order entered on district court docket).

IV. Analysis

"[A] litigant has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *MHC Financing Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1133 (9th Cir. 2013) (citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991)). Steven Zinnel filed substantively identical motions, seeking identical relief from the same party, in two separate actions in this court. He filed his motion in this miscellaneous matter one day after he filed his motion in his criminal case, and his motion here might have been dismissed for this reason alone.

As events have unfolded, the substantively identical motion that Steven filed in his criminal case has already been decided *and* the decision affirmed. The motion for copies he has filed in this miscellaneous matter is therefore also barred by the doctrine of res judicata. Res judicata bars re-litigation of any claims that were raised or could have been raised in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001); *see also United States v. Sioux Nation of Indians*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting) (the doctrine of res judicata is based on avoidance of unnecessary judicial waste, as well as the defendant's interest in avoiding the burdens of twice defending a suit); *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 329-30 (9th Cir. 1995) (the court may raise application of the res judicata doctrine sua sponte).

Accordingly, and for all these reasons, Steven's motion is denied.

V. Conclusion

Accordingly, it is hereby ORDERED that:

1. Steven Zinnel's motion, ECF No. 5, is denied; and
2. The Clerk is directed to close this miscellaneous action.

Dated: August 12, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE